## Houston et ux. v. Board of Supervisors of Franklin Township

*Earl S. Keim*, for plaintiffs.

*John Duvall*, for defendants.

McWHERTER, J., March 29, 1950.—This is a petition by plaintiffs for a declaratory judgment. The court is requested to construe the Township Act of May 1, 1933, P. L. 103, as amended. The last amendment was the Act of May 20, 1949, P. L. 1562, sec. 11, the

pertinent section being set forth in 53 PS §19093-905, the subsection of which reads as follows:

"4. A tax, not exceeding two mills, and not exceeding the amounts hereinafter limited, for the purpose of purchasing and maintaining fire apparatus and to provide, with the assent of the electors of the Township as hereinafter provided, a suitable place for the housing of the same, and to make appropriations to fire companies for the purchase and maintenance of fire apparatus; but the total expenditure for the purchase of fire apparatus by the township, together with the amount of appropriation to one or more fire companies from such taxes, shall not, for the first fiscal year, exceed in all the sum of seven thousand five hundred dollars; nor shall any new fire apparatus be thereafter purchased by the township, or by any fire company from appropriations made by the township, without the consent of the electors as hereinafter provided."

Paragraph 5 of the petition reads as follows:

"5. The plaintiffs believe and therefore aver that at some time in the past the Board of Supervisors of Franklin Township, with the consent of the electors, did levy a tax of two mills, for two years, for fire protection purposes, and the same was collected and used."

Counsel appeared and stipulated and agreed that the averments of fact set forth in the petition for the purposes of this controversy should be taken as true. The question therefore is whether the board of supervisors, having with the consent of the voters previously exercised the power of levying a tax of two mills for fire protection purposes, can do it again. In construing the act it must be taken as a whole. It is true that subsection 1, providing for taxes for road, bridge and general purposes, provides for an annual tax. Subsection 2 provides for an annual tax for lighting purposes. Subsection 3 provides for an annual tax for procuring land, erecting a town house and payment

of any indebtedness in connection therewith. The use of the word "annual" in the first three subsections of section 11 of the Act of 1949, and the failure to use the word "annual" in subsection 4, appears to have raised a doubt in the minds of plaintiffs as to whether the supervisors can again exercise the power.

Subsection 5 of section 11 provides for a tax without using the word "annual", not exceeding two mills, with the consent of two thirds of the electors, for establishing and maintaining fire hydrants and fire hydrant water service. Subsection 6, without using the word "annual", provides for a tax of two mills for the purpose of maintaining parks, playgrounds, play fields, gymnasiums, public baths, swimming pools and recreation centers. This is a continuing service and the legislature unquestionably intended that the power should be exercised more than once. It is inconceivable that the legislature intended that the service set forth in subsection 6 should stop after once assessing a tax of two mills for the purposes therein set forth. In like manner, the maintaining of fire hydrants and fire hydrant water service provided for in subsection 5 is a continuing service to the people of the township and the necessity for annually raising money to be expended for this purpose is quite apparent. The legislature certainly did not intend that having once installed fire hydrants and fire hydrant water service pursuant to the levy of a two-mill tax the same should be not continued. It would appear that it was the reasonable intent of the legislature that the supervisors should be authorized to levy the two-mill tax for the purposes set forth in subsections 5 and 6 and create a fund and maintain that fund for the purposes set forth in those two subsections.

The word "annual" was probably purposely left out as an annual tax might not be necessary, as a two-mill

levy for the purposes set forth in either subsection 5 or 6 might create a fund which would last for several years for the express purposes set forth in the two subsections.

The same reasoning applies when we consider subsection 4. It is quite reasonable that the legislature purposely left the word "annual" out of subsection 4. Fire-fighting equipment need not be purchased every year. A suitable place for the housing of the same, once procured, need not be repeated from year to year, but the maintenance of the fire apparatus is a continuing service and we are convinced that the legislature intended that the supervisors with the assent of the electors repeat the two-mill levy as often as it would be necessary for the purchase of additional equipment, as needed, and particularly for the maintenance of the equipment. It is to be noted that the amount for the *first fiscal year* shall not exceed $7,500. The limitation as to the *first fiscal year* implies the intention of the legislature that the levy would be repeated from time to time as often as needed.

We are led to the inescapable conclusion that the legislature intended that the supervisors exercise the power granted to them in subsection 4 of the act with the assent of the electors as often as needed.

### Decree

Now, March 29, 1950, it is hereby adjudged and decreed that it was the intention of the legislature in passing subsection 4 of section 11 of the Act of May 20, 1949, P. L. 1562, that the board of township supervisors may exercise the power to levy a two-mill tax with the assent of the electors as provided in the act as often as the raising of funds for the purposes therein set forth is deemed necessary by the supervisors and the electors themselves.